

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable A. E. Sutton
County Auditor
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. O-4601

Re: Effect of abandonment or non-use
on title to land constituting a
charitable trust.

We have considered the questions contained in your letter of
May 18, 1942, addressed to the Attorney General and reading
as follows:

"On Jan. 26, 1881 G. W. Wallace et ux et al executed
a deed, the material part of which reads as follows:

"'That we, G. W. Wallace and his wife, M. J. Wallace,
and W. H. Watson, for and in consideration of one
dollar to us paid and the further consideration of
a desire to promote the cause of Education have this
day granted and sold and by these presents do grant
sell and convey unto J. H. Barton, James A. Quick and
U. W. Lunsford, Trustees for the Quick School Community
in Anderson County and their successors forever for the
use and benefit of the school and church purposes the
following described land situated in Anderson County,
Texas, about 12 miles north of Palestine, towit: A
part of the North Half of E. Groce League

"' Beginning at S. E. corner of Lot No. 5 of the sub-
division of said north half and running North with line
dividing Lot No. 5 and Lot No. 4 720 vs. a stone for
corner from which a red oak 6 in mkd X brs S 12' W 7 2/3
vs Hickory 12 in mkd X brs N 20 deg. E. 12½ vs Thence
W at 27 vs cross spring branch 20 v right of spring 150
vs stake for cor from which a block jack 6 in X brs N
15½ W 1½ vs and Post Oak 10 in mkd X brs S 36' W 8 vs
Thence North 150 vs Stake for corner from which post oak
8 in in dia brs S 40 deg. W 8 1/4 vs a Hickory 8 in
mkd X brs N 52 deg. W 9 vs Thence South with said Quick's
west line 150 vs to the place of 1st corner of this plot
containing 4 acres of land to have and to hold the same

unto said school Trustees for school and church
purposes forever; We hereby convey and quit claim
forever said lands and use and implements to said
Trustees and their successors for the uses and purposes
aforesaid."

"Many years later the Elmtown Common School District
and the Concord Common School District were organized.
The Concord School District included the territory
described hereinabove. The school house located and
situated on the above described property was moved
into the Elmtown School District and was later sold.
There has not been a house on the above described tract
of land, nor has it been used for school or church
purposes since the removal of the building mentioned
above. Assuming that G. W. Wallace et ux et al owned
the fee simple title to the tract of land described in
the above deed, and that there has not been a conveyance
of any kind or character since the date of the above
described deed, which district, if either, owns said
land?

"I shall appreciate your opinion on the above question
at your earliest convenience."

In our opinion, the deed mentioned created a charitable trust
for school and church purposes in favor of the residents of
the Quick School Community in Anderson County, Texas. Charities
are highly favored in law and it is an elemental rule that a
court of chancery will not allow a trust to fail for want of a
trustee. 9 Tex. Jur. 55,56. "In the event that the person
appointed trustee refuses to accept the office, or resigns
after acceptance, or because mentally incompetent, or dies,
or is removed, the court has the power to appoint another person
to act in his stead." 42 Tex. Jur. 625.

If it appears that the maintenance of the property for school
and church purposes for the Quick School Comminity in Anderson
County has become impracticable, the District Court may, in a
proper proceeding brought for that purpose, order the property
decreed out of the trustees named in the deed or their
successors and vest it in the Concord Common School District
which now includes the Quick School Community, or the court
might, depending on the facts, order the property sold and
the     proceeds applied as nearly as may be to the charitable
purposes named in the deed. Inglish v. Johnson, 95 S. W. 558,
Error Refused.

The answer to your inquiry is that the title to the property
is in the trustees J. H. Barton, James A. Quick and U. W.
Lunsford or their successors.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Fagan Dickson

BY
Fagan Dickson
Assistant

FD:BT/cg

APPROVED JUNE 11, 1942
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB, Chairman